# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA VILLANUEVA,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>    Defendant. | 1:12-cv-1263 AWI-BAM<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCT DISCOVERY** |

    Plaintiff Laura Villanueva ("Plaintiff") brings this action against Defendant Life Insurance Company of America ("LINA" or "Defendant") seeking damages based on the denial of her long-term disability insurance benefits she claims are due her under an ERISA-governed benefits plan. During the initial scheduling conference, Plaintiff argued that the Court should grant leave to conduct discovery. Before ruling on the matter, the Court instructed the parties to prepare supplemental letter briefing to discuss whether Plaintiff is entitled to discovery against the Plan administrator. On December 7, 2012, Defendant filed its letter briefing. (Doc. 19). Plaintiff filed her supplemental briefing on December 19, 2012. (Doc. 20). The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for January 11, 2013. (Doc. 14).  Having considered the moving, and opposition papers, as well as

1

the Court's file, Plaintiff's request for leave for limited discovery is GRANTED.

## BACKGROUND

Plaintiff began working for Jo-Ann Stores in 2001 and continued her employment until 2008.  Due to a combination of severe migraines, depression disorder, back pain and other conditions, Villanueva's last day of work was October 30, 2008. During her employment, she was insured under an ERISA disability insurance plan through her employer, which was administered by LINA. In its role as plan administrator, LINA was responsible for both claims determination and payment on claims. After reviewing her medical records, LINA approved her claim for short-term disability ("STD") benefits. After her STD benefits were exhausted in April 2009, Villanueva applied for LTD benefits. LINA initially denied Plaintiff's claim for LTD benefits on May 26, 2009. Plaintiff appealed LINA's decision and by letter dated December 20, 2009, LINA informed Plaintiff that it was reversing its earlier claim decision and approving her claim for LTD benefits.

During her LTD benefits period, LINA obtained information reflecting that Plaintiff could work in a sedentary capacity. LINA also conducted surveillance activities on two separate occasions. On October 6, 2011, LINA informed Plaintiff that it was denying her claim for LTD benefits as of that same date.

Plaintiff brings suit under ERISA seeking past due benefits, attorneys fees and costs. (Pl.'s. Compl. at 18, Doc. 1). In the instant motion, Plaintiff moves for leave to conduct written discovery and depositions of the physicians that LINA hired to evaluate her claim, the IME organizations that referred physicians to LINA, and the surveillance company all in an effort to inquire into the scope and extent of LINA's alleged conflict of interest. (Doc. 20 at 4).[1] LINA resists Plaintiff's effort to obtain discovery. (Doc. 19).

## DISCUSSION

**A.  Whether Plaintiff is Entitled to Discovery**

Generally, litigants in a civil action may obtain discovery regarding "any nonprivileged

---

[1]  Plaintiff states that the proposed discovery detailed in her letter briefing is not intended to be exhaustive, as Plaintiff anticipates that new topics of discovery will arise upon further review of LINA's discovery responses.

matter that is relevant to any party's claim or defense...." FED. R. CIV. P. 26(b)(1). In an ERISA case such as this one, however, discovery plays a far more limited role because the primary purpose of ERISA is "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005).

Whether discovery is appropriate in an ERISA case "is directly related to the standard of review employed by the Court." *Santos v. Quebecor World Long Term Disability Plan*, 254 F.R.D. 643, 647 (E.D. Cal. 2009). When an ERISA plan grants discretion to the plan administrator, the court reviews the benefits decision for an abuse of discretion. *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955, 967 (9th Cir. 2006).[2] While abuse of discretion review is typically confined to the administrative record, the "court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie*, 458 F.3d at 970. A structural conflict of interest exists where the insurer acts as both the plan administrator and the funding source for benefits. *Id.* at 965. It is well-established that it is within the Court's discretion to permit discovery regarding a structural conflict of interest of an ERISA plan administrator and its affect, if any, on its decision in the case. *See Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1028 n.15 (9th Cir. 2008) ("Whether to permit discovery into the nature, extent, and effect of the Plan's structural conflict of interest is also a matter within the district court's discretion.").

Both parties concede that, as seen here, when a structural conflict of interest is present, discovery is permitted.[3] Defendant resists discovery, however, arguing that Plaintiff must show that a structural conflict of interest influenced its decision before the Court should allow limited discovery. *Gough v. Pacific Telesis Group Comprehensive Disability Benefits Plan*, 2007 WL 4531695, *1 (E.D. Cal. 2007) (denying plaintiff's request for conflict discovery because there is no

---

[2] Here, the parties stipulated that the Court should review the denial of benefits for abuse of discretion. (Doc. 19).

[3] LINA is the sole source of funding for the plan.

evidence that any exercise of discretion in the decision-making process below was tainted by a conflict of interest, finding Plaintiff's arguments purely speculative and denying additional discovery into potential conflict of interest); *Bartholomew v. UNUM Life Insurance Co.*, 579 F. Supp. 2d 1339, 1342 (W.D. Wash. 2008) (refusing to allow discovery because discovery request was little more than a fishing expedition.  There are no allegations of actual conflicts or irregularities in her proceedings).

Plaintiff responds that the cases cited by LINA are against the weight of authority and that she is not required to make a threshold showing that LINA's decision was influenced by a conflict of interest before she can engage in discovery.  Plaintiff cites *Klein v. Northwestern Mutual*, 806 F.Supp.2d 1120, 1125 (S.D. Cal. 2011), where the District Court specifically explained that "[t]he *Bartholomew* court's limitation of the plaintiff to evidence already in his or her possession is contrary to the vast weight of authority since *Abatie* as well as specific guidance from the Ninth Circuit. *Klein,* 806 F.Supp. at 1127.

The Court must weigh all of the facts and circumstances to credit the plan administrator's reason for denying coverage.  *Abatie,* 458 F.3d at 968.  Under *Abatie*, the Court has discretion to allow limited discovery, not just into the presence of a conflict of interest, but into the nature, extent, and effect of such a conflict. Since *Abatie*, courts in the Ninth Circuit "have, by and large, allowed limited and narrowly tailored discovery into both demonstrating and probing conflicts of interests." *Stephan v. Thomas Weisel Partners, LLC*, 2009 U.S. Dist. LEXIS 75585, 2009 WL 2511973 * 9 (N.D. Cal. 2009).

Further, the Court is not persuaded by Defendant's contention that, in order to obtain the requested discovery, Plaintiff must make a preliminary showing of a conflict of interest beyond the structural conflict of interest which the parties agree exists in this case.  A number of courts in this circuit have authorized discovery in ERISA cases without requiring any such preliminary showing. *See, e.g., Klein,* 806 F. Supp. 2d at 1120*; Harper v. UNUM Life Ins. Co.*, 2007 U.S. Dist. LEXIS 47533 (E.D. Cal. June 19, 2007) (Plaintiff entitled to discovery exploring structural conflict of interest, but not discovery related to whether the Plan's decision was correct); *Frost v. Metropolitan*

*Life Ins. Co.*, 414 F. Supp. 2d 961 (C.D. Cal. 2006) (discovery permitted but requested scope went beyond alleged conflict); *Klund v. High Technology Solutions, Inc.*, 417 F. Supp. 2d 1155 (S.D. Cal. 2005) (denying discovery requests as overbroad and not relevant whether the decision making process was affected by dual role as insurer and administrator).

Nonetheless, as explained more fully below, the Court finds Plaintiff has identified a potential conflict over and above the structural conflict of interest, which may have influenced the decision. By the same token, however, any discovery that is allowed "must be narrowly tailored to reveal the nature and extent of the conflict, and must not be a fishing expedition." *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205-06 (C.D. Cal. 2007) (concluding that discovery in ERISA case "must be narrowly tailored[,] must not be a fishing expedition" and "must be limited to requests that are relevant to 'the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record'"). The resulting trend in ERISA case law is to allow discovery that is limited in scope and tailored to eliciting information on the pertinent conflict of interest and its effect on the benefits decision being appealed. *Baldoni v. Unumprovident, Illinois Tool Works, Inc.*, CV No. 03-1381-AS, 2007 U.S. Dist. LEXIS 14127, 2007 WL 649295, at *7 (D. Or. 2007)("[D]iscovery should only be allowed when narrowly tailored to significantly illuminate the conflict's effect on the specific benefit decision under review.").

    **B.**    **Proper Scope of Discovery**

        **1.**    **Requested Scope of Discovery**

Plaintiff seeks a broad range of discovery including the deposition of the three physicians that LINA hired to evaluate her claim—Drs. Wang, Ayyar and Karande. Plaintiff also seeks 30(b)(6) depositions of the third parties hired by LINA to provide physician referrals and surveillance services. Plaintiff seeks written discovery on statistical data, compensation information, contractual connections between LINA and third parties, and LINA's policies and procedures aimed at selecting properly trained physicians and ensuring that the potential bias of LINA's claims personnel is walled-off from claims administrators.

Defendant's briefing seeks to prevent discovery in its entirety, and does not address

Plaintiff's discovery requests with any specificity. Rather than review each of Plaintiff's requests *sua sponte*, the Court will GRANT Plaintiff leave to take discovery within suggested guidelines. The Court cautions Plaintiff that discovery requests must be narrow and that the Court will subject any discovery requests brought to its future attention to searching scrutiny. The parties are ORDERED to meet and confer in the event any particularized discovery disputes arises.

**2.    Permitted Scope of Discovery**

In light of ERISA's purpose, conflict of interest discovery should not be unlimited. Countervailing forces exist, in ERISA cases, between the need to allow plaintiffs discovery to prove bias and the need to limit discovery to prevent a costly, inefficient, and prolonged dispute. Courts should not simply grant a plaintiff's broad discovery request where she has a groundless hope of finding some proof of bias. Therefore, Plaintiff's discovery must be limited to an identified conflict of interest which suggest that the Court should review the disability decision with enhanced skepticism.

Plaintiff argues four conflicts of interest adversely influenced LINA's decision making process. First, LINA failed to explain why its denial decision differed from that of the Social Security Administration. Second, LINA engaged in "doctor shopping" when it hired Drs. Ayyar and Karande to review Plaintiff's file after Dr. Wang issued her a favorable opinion. Plaintiff believes LINA then contacted Dr. Wang and pressured him to change his report to make it more favorable to LINA. Third, LINA relied on surveillance videos that Plaintiff argues are inconclusive and otherwise consistent with her claimed impairment. Finally, LINA's failure to provide her with the specific type of information necessary to perfect her claim is evidence of bias on the part of the Plan.

The Court finds that Plaintiff is entitled to discovery on allegations of "doctor shopping." Plaintiff's allegations are sufficient to show that limited discovery regarding Dr. Wang and the reviewing doctors is appropriate. In particular, Plaintiff may conduct discovery regarding the independence or neutrality of the physicians utilized by LINA in Plaintiff's case. The Court will permit the following discovery. The deposition of Dr. Wang, but not Drs. Ayyar or Karande, as these depositions would be individual claim specific. The deposition shall be limited to questions

concerning the nature of the relationship that the doctor has with LINA; the financial remuneration realized by the doctor as a result of this relationship (the Court is not now ruling on any privacy objection), the extent to which the doctor performs services for LINA versus other companies and/or maintain a medical practice. In addition, in light of the Plaintiff's allegation of "changed opinions," Plaintiff is also entitled to inquire into communications related to plaintiff's specific claim. Plaintiff is also entitled to production of documents from LINA as to the three doctors on these areas. Plaintiff is also entitled to production of documents relating to the criteria for selection and retention of examining and reviewing doctors. The qualifications of the doctors and the reasonableness of LINA's reliance on the doctor's opinions are not appropriate grounds for inquiry.

Plaintiff is entitled to other policies and procedures. Plaintiff is entitled to the production of documents relating to the claims procedures used in determining her claim, including the criteria used in making decisions. Plaintiff is entitled to the policies and procedures related to Social Security Administration determinations. Plaintiff is allowed to conduct limited discovery into claims approval and/or denial rate as related to these three doctors.

The scope of the discovery will be limited to areas which would shed light on specific conflict of interests. Lines of inquiry related only to Villanueva's individual claim are not probative of the nature or extent of defendant LINA's conflict of interest. In other words, discovery is improper where sought to show that the disability decision was wrongly decided. Thus, the discovery of the surveillance video, the denial decision as it relates to the Social Security Administration decision, and communications to Plaintiff about information needed do not go to a conflict of interest.

With respect to the remainder of Plaintiff's alleged conflicts, she has not made a sufficient showing at this time to demonstrate that discovery is warranted into those areas.

## CONCLUSION

For the reasons set forth above, the Court HEREBY

1. GRANTS Plaintiff's request for leave to conduct limited discovery;

2. SETS an INITIAL SCHEDULING CONFERENCE for February 20, 2013 at 9:30

AM in Courtroom 8 before Judge McAuliffe. A JOINT Scheduling Conference Report, carefully prepared and executed by all counsel, shall be electronically filed in full compliance with the requirements set forth in the Order Setting Mandatory Scheduling Conference, one (1) full week prior to the Scheduling Conference, and a copy shall be e-mailed, in WordPerfect or Word format, to bamorders@caed.uscourts.gov. The parties may appear by telephone.

IT IS SO ORDERED.

Dated:   **January 31, 2013**                    /s/ **Barbara A. McAuliffe**
                                                            UNITED STATES MAGISTRATE JUDGE